## J. S. FARMING CO. v. BRANNON.

### In re JOHN SWIGART CO.

(Circuit Court of Appeals, Sixth Circuit.  March 5, 1920.)

#### No. 3356.

BANKRUPTCY ⬡➡308—SURETY CAN PROVE CLAIM ONLY BY SUBROGATION TO RIGHT OF CREDITOR.

That surety on note of bankrupt also secured same by mortgage on his property does not give him greater rights in estate of bankrupt, and he can only participate therein by subrogation to rights of creditor, in case latter fails to prove claim, to extent that he has discharged debt, under Bankruptcy Act, § 57i (Comp. St. § 9641).

Appeal from the District Court of the United States for the Northern District of Ohio; John M. Killits, Judge.

In the matter of the John Swigart Company, bankrupt. The J. S. Farming Company appeals from order of the District Court.  Affirmed.

Marshall & Fraser, of Toledo, Ohio, for appellant.
Harry C. Cotter, of Toledo, Ohio, for appellee.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

KNAPPEN, Circuit Judge.  This case grows out of the situation dealt with in Marine National Bank v. Swigart, 262 Fed. 854, —— C. C. A. ——, No. 3343, decided by this court February 3, 1920.  The instant case is this:

Mr. and Mrs. Swigart became joint makers with the John Swigart Company (which we shall call the Jewelry Company), for its accommodation, on notes amounting to $40,000, which Mr. and Mrs. Swigart further secured by their mortgage upon certain farming lands in Michigan.  These lands were conveyed to the Farming Company subject to this $40,000 mortgage.  The bank proved and was allowed its claim against the estate of the Jewelry Company in bankruptcy, in the amount of $40,000, and had received dividends thereon amounting to 50 per cent.  The Farming Company, which succeeded to the rights of Mr. and Mrs. Swigart, thereupon filed its claim against the Jewelry Company's estate in bankruptcy for the amount of the mortgage.  Neither Mr. nor Mrs. Swigart nor the Farming Company have paid any part of the indebtedness evidenced by the notes and secured by the mortgage, except some items of interest.  The Farming Company's claim was disallowed by the referee, and his action affirmed by the District Judge.  We think this action clearly right.

The only section of the Bankruptcy Act providing for payment to a bankrupt's sureties out of the assets of the latter's estate is section 57i (Comp. St. § 9641), which, in case the creditor whose claim is so secured fails to prove the same, provides that the surety may do so in the creditor's name, and after he discharges the obligation in whole or in part be subrogated to that extent to the rights of his creditor. Plainly the Farming Company has not brought itself within this section;

not only has the creditor itself proved its claim, but the sureties have paid nothing substantial upon it. Both the creditor's failure to prove, and the surety's payment, are necessary to the statutory subrogation.

The Farming Company contends, however, that Mr. and Mrs. Swigart were more than mere sureties, in that they gave security, not only by way of personal liability, but by lien upon their real estate; that, had they made a bailment by way of loan of a mortgage security for the benefit of the Jewelry Company, an agreement on the part of the latter to return the mortgage would be implied; and that, by analogy, a similar implication is raised by the facts existing here.

Assuming, for the purposes only of this opinion, that the law would imply, in the case of such bailment to the Jewelry Company, an agreement on its part to return the mortgage and thus save the sureties harmless from not only personal but property liability, we think the facts of this case and the relations of Mr. and Mrs. Swigart to the Jewelry Company repel the theory of such bailment and of a tortious conversion of the subject thereof. We also think the policy of the Bankruptcy Act distinctly opposed to the recognition of a claim against an estate in bankruptcy based on an implication of this character, and that section 57i furnishes the full measure of the sureties' right to relief. To hold otherwise would be to permit a greater recovery out of the assets in bankruptcy in the case of a claim so secured than in the case of an unsecured claim; for, as applied to this case, the bank would have the right to recover ratably with other creditors to the extent of its claim, and the sureties an additional right to ratable recovery on the basis of the amount which the bank failed to collect. There would thus, to this extent, be a failure of ratable distribution. In other words, while it is true that the right of equitable subrogation may exist independently of contract, yet the policy of the Bankruptcy Act limits the right of subrogation to the statutory conditions and to the statutory extent. For the purposes of the act, the giving of the mortgage, by way of additional security to the personal liability, furnished in our opinion no added remedy.

Nor does this conclusion result in the failure of equity. It appears by the history of the earlier case that Mr. Swigart was the president of and the principal stockholder in the Jewelry Company. Mr. and Mrs. Swigart, through Mr. Swigart's relations with that company, were presumably interested in obtaining the credit given by the bank to the Jewelry Company, and presumably gave the mortgage, as they signed the notes, as additional inducement to the extending of the desired credit.

The action of the District Court is affirmed.